In the Matter of ARTHUR L. NELSON, an Attorney.

Fourth Department, June 27, 1963.

*Per Curiam.* The applicant has applied for admission to the Bar of this State pursuant to rule VII of the Rules for Admission of Attorneys and Counselors-at-Law of the Court of Appeals. That rule provides that the Appellate Division in its discretion may admit to the Bar without examination a person who has been admitted to practice as an attorney in the highest law court in any other State and who while in residence in such other State " has actually practiced for a period of at least five years in its highest law court or highest court of original jurisdiction ".

The applicant was admitted to practice in the State of Wisconsin on June 20, 1952. His application indicates that immediately thereafter and in August, 1952 the applicant resided in Flint, Michigan where he was employed by General Motors Corp. as an engineer and foreman until February of 1956. Thereafter the applicant was transferred by his employer to Washington, D. C., where he apparently worked in the Patent Department of General Motors Corp. On June 15, 1956 he was admitted to practice in the Court of Customs and Patent Appeals and on October 17, 1956, his application indicates, he was admitted to practice in the Supreme Court of the United States. In September of 1957 the applicant was again transferred by his employer to Dayton, Ohio, where he worked as a patent attorney for his employer until May, 1961 when he moved to Rochester, New York, to enter the employ of Bausch & Lomb, Inc., as a patent attorney, by which corporation he is still employed.

It is clear from this history that the applicant never practiced law in the State of Wisconsin, the only jurisdiction in which he was admitted to practice. In fact, the applicant did not engage in the practice of any law whatsoever until he was admitted to practice before the Customs and Patent Appeals Court in 1956 and continued patent practice in the District of Columbia for a period of about 15 months. It is abundantly clear from a recitation of these facts that the applicant fails completely to meet the requirements of rule VII.

No interpretation or construction of this section, no matter how broadly given, confers any authority on this court to admit applicant to be licensed in the State of New York. The legal principles and authorities which control this application are fully set forth in our decision in *Matter of Brown* (4 A D 2d 157). The applicant has not shown that he meets the requirements of the Court of Appeals and his application therefore should be denied.

WILLIAMS, P. J., BASTOW, GOLDMAN, McCLUSKY and HENRY, JJ., concur.

Application denied.